```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARGARET C. TRACY, | Civil No. 12-677 (NLH/KMW) |
| Plaintiff, | |
| v. | **ORDER** |
| RALPH GERSTEIN, | |
| Defendant. | |

**HILLMAN, District Judge**

This matter having come before the Court by way of <u>pro se</u> Plaintiff Margaret C. Tracy's motion [Doc. No. 11] for default judgment against Defendant Ralph Gerstein; and

Plaintiff having requested default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) because Defendant Gerstein allegedly failed to answer, appear, or otherwise defend in this action after being served with a copy of the summons and complaint on March 6, 2012; and

The Court noting that under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process--first, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court, FED. R. CIV. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by

default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court for such relief,[1] FED. R. CIV. P. 55(b), see Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 F. App'x 519, 521 n.1 (3d Cir. 2006); and

The Court noting that Plaintiff has by-passed the first step of the process by failing to request the entry of default by the Clerk of the Court pursuant to Rule 55(a); and

The Court finding that Plaintiff's motion for default judgment cannot be granted in the absence of a prior entry of default against Defendant Gerstein by the Clerk of the Court, see Nationwide Mut. Ins. Co., 175 F. App'x at 521 n.1 (recognizing that "[p]rior to obtaining a default judgment under either Rule

---

1. The Court also notes that if Plaintiff obtains a Clerk's entry of default against Defendant Gerstein, and then refiles her current motion for default judgment, she must do more than demonstrate that Defendant Gerstein failed to appear in the action. See Franklin v. Nat'l Mar. Union of Am., (MEBA/NMU), No. 91-480, 1991 WL 131182, *1 (D.N.J. July 16, 1991) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1983)) (explaining that when considering an application for entry of a default judgment under Rule 55(b)(2), the Court is "required to exercise 'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)'"); Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (explaining that even though by virtue of defendant's default, every "well-plead allegation" of the complaint, except those relating to damages, are deemed admitted, a plaintiff must articulate the substantive legal basis for a finding in its favor).

55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Accordingly,

IT IS on this __9th__ day of __July__, 2012, hereby

**ORDERED** that Plaintiff's motion [Doc. No. 11] for default judgment shall be, and hereby is, **DENIED WITHOUT PREJUDICE**.


At Camden, New Jersey          /s/ Noel L. Hillman
                               NOEL L. HILLMAN, U.S.D.J.